IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALEX BARRAZA, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | Cause No. EP-24-CV-138-KC |
| | § | |
| UNITED STATES OF AMERICA | § | |
|    Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Alex Barraza challenges his continued imprisonment at the West Texas Detention Facility in Sierra Blanca, Texas, awaiting sentencing through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His petition is dismissed for the following reasons.

### BACKGROUND

On April 14, 2022, Barraza pleaded guilty to (1) conspiracy to import more than 50 grams of methamphetamine; (2) murder resulting from the use and carrying of firearms during and in relation to a drug trafficking crime and aiding and abetting; (3) use and carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting; and (4) money laundering. *United States v. Barraza*, EP-21-CR-725-DB-2, Plea Agreement, ECF No. 171 at 1. On July 21, 2022, his motion for a mental status examination to determine his competency to proceed to sentencing was granted. *Id*., Order, ECF No. 205. His psychiatric evaluation, performed by a medical doctor, revealed he suffered from psychoses or a mental disease or defect, did not have a rational understanding of the proceedings against him, did not have sufficient ability to consult with his attorney, and was not competent to proceed to sentencing. *Id*., Report, ECF No. 222 at 3–4. He was accordingly committed pursuant to 18 U.S.C. § 4241(d) on September 22, 2022, to determined whether there was a substantial probability he would attain the capacity to permit him

to proceed to sentencing in the foreseeable future. *Id*., Order, ECF No. 238. His subsequent forensic evaluation, filed on June 27, 2023, concluded he was "unlikely to be restored to competency within a reasonable period of time." *Id*., Report, ECF No. 312 at 16. He was ordered to undergo another evaluation to determine his competency on March 27, 2024. *Id*., Order, ECF No. 424. He replied the following day with a request to immediately vacate the order and dismiss his criminal case. *Id*., Def.'s Reply, ECF No. 425. His request was denied that same day. *Id*., Order, ECF No. 428. He then filed a "Motion for Prompt Disposition"—essentially a motion for a speedy trial—on April 24, 2024, because:

> The Government is not ready on this case. Too much time has passed. This case should be dismissed, and … Defendant Barraza ordered released.

*Id*., Def.'s Mot., ECF No. 439. His motion was denied on May 7, 2024. *Id*., Order, ECF No. 446.

Meanwhile, Barraza filed the instant § 2241 petition on April 24, 2024. Pet'r's Pet., ECF No. 1. He argued he was declared incompetent and should be released from custody due to the delay in his sentencing:

> Defendant Barraza pleaded guilty. Before sentencing, Defendant was declared incompetent. The trial court has denied dismissal. Too much time has passed, so Defendant Barraza should be released.

*Id.* at 6.

## STANDARD OF REVIEW

Any prisoner may bring a petition under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La*., 816 F.2d 220, 224 (5th Cir. 1987). To prevail, the prisoner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

When a court receives a § 2241 petition, it accepts a petitioner's allegations as true during the initial screening. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a pro se petitioner under more a lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Upon completing the initial screening, it must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)), 28 U.S.C. foll. § 2254.

## ANALYSIS

In his habeas petition, Barraza challenges his ongoing detention based on the delay in his federal sentencing—essentially he makes a speedy trial argument. So, he is attempting to re-litigate a claim already rejected by the district court hearing his criminal case.

"Finality of judgment has [traditionally] been required as a predicate for federal appellate jurisdiction." *Abney v. United States*, 431 U.S. 651, 656 (1977). Federal appellate courts accordingly have jurisdiction to review "all *final* decisions of the district courts." 28 U.S.C. § 1291 (emphasis added). "[A] pretrial order rejecting a defendant's speedy trial claim plainly 'lacks the finality traditionally considered indispensable to appellate review.'" *United States v. MacDonald*, 435 U.S. 850, 857, (1978) (quoting *Abney*, 431 U.S. at 659).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) This Court cannot exercise jurisdiction denied the appellate courts. It must therefore decline to

3

exercise jurisdiction over Barraza's speedy trial claim, and his habeas petition must be dismissed.

In the alternative, a motion to vacate sentence pursuant to 28 U.S.C. § 2255 provides the primary method of collateral attack on a federal conviction or sentence. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). As a result, a federal prisoner who wants to challenge his conviction or sentence must generally seek relief under § 2255 in the court with jurisdiction over his criminal case. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). He may raise his claims in a § 2241 petition only if they fall within the "savings clause" of § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

In *Jones v. Hendrix*, 143 S. Ct. 1857 (2023), the Supreme Court noted § 2255(h) strictly limited second or successive § 2255 motions to those that contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Jones*, 143 S. Ct. at 1867 (quoting 28 U.S.C. § 2255(h)). It then explained as to those challenges that fall outside of § 2255(h)—including challenges under § 2255(e)—that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at 1869.

When a § 2241 petitioner cannot satisfy the savings clause requirements, the proper

4

disposition is dismissal of the petition for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003).

Barraza does not present any newly discovered evidence to support his claims. Furthermore, he fails to identify a new rule of constitutional law retroactively applicable to his case. As a result, he cannot meet the requirements of the savings clause.

## CONCLUSIONS AND ORDERS

The Court, after completing its initial screening, finds that Barraza's speedy trial claim plainly lacks the finality traditionally considered indispensable to any form of appellate review. Furthermore, it finds that Barraza cannot satisfy either prong of the stringent § 2255(e) savings clause test and cannot meet his burden of demonstrating the inadequacy or ineffectiveness of § 2255. It therefore concludes that Barraza's § 2241 petition is subject to dismissal for lack of jurisdiction. The Court accordingly enters the following orders:

**IT IS ORDERED** that that Alex Barraza's *pro se* "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED this 14th day of May, 2024.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE